### HALL *v.* ABELLS.

*(Supreme Court, General Term, Fourth Department.* July 1, 1890.)

1. BURDEN OF PROOF—PAYMENT.
   Where, in an action upon a contract for building a house, plaintiff shows performance, and defendant thereupon testifies that he has paid the amount due, the burden of proving that something is still due is on plaintiff.
2. POWERS OF REFEREE—AMENDMENT.
   A referee has power to allow amendment of pleadings.

Appeal from judgment on report of referee.
Action by Napoleon Hall against W. Irving Abells. Plaintiff appeals.
Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.
*Homer Weston,* for appellant. *Jay B. Kline,* for respondent.

MARTIN, J. We are of the opinion that the referee erred in finding that there was due from the plaintiff to the defendant the sum of $87.50 on the agreement between them in relation to the house known as "No. 1 Putnam street." The proof was that the plaintiff agreed to build a house for $1,500; that it was to be sold, and the parties were to divide equally any amount exceeding that sum, which should be realized from such sale. It was sold for $1,800. It is true, the plaintiff received $1,875, but $75 was for building a kitchen costing that sum, and not included in the agreement. The defendant was paid on this agreement $100; thus leaving his due only $50, instead of $87.50, the amount awarded by the referee. It is claimed by the appellant that the referee also erred in holding that the burden was upon the plaintiff to show that something was due him under the contract for building the house on East Fayette street. The appellant's contention is that, having proved that he built the house, for which he was to receive $800, he was entitled to recover that sum, unless the defendant proved payment; and that the burden of establishing that defense was upon him. That payment is an affirmative defense, and the person averring it has the burden of establishing it by proof, is a rule that must be regarded as well settled. When, therefore, the plaintiff had proved his claim, the burden of establishing payment was upon the defendant. We think this burden was borne by him. He testified that the plaintiff's claim had been settled and paid. The plaintiff testified that he did not know whether there was in fact anything owing him on that contract or not. It was upon this state of the evidence that the referee held that the burden was upon the plaintiff to show that there was something owing him; and, as he failed, he could recover nothing. What the referee in fact held was that the burden of overcoming the proof of payment given by the defendant was upon the plaintiff, and, not having sustained it, he could not recover. We find no error in this. We think the findings of the referee are well sustained by the evidence, except that relating to the amount due the defendant under the contract as to house No. 1 Putnam street, which we have already considered. That the referee had power to allow the defendant to amend his answer we have no doubt, nor do we think there was any abuse of his discretion in allowing such amendment. We have examined the other exceptions in the case, but have found none that seem to require special discussion, or that would justify an interference with the judgment. We think the judgment should be modified by deducting therefrom the sum of $37.50, and in-

terest thereon from the date of the entry thereof, and, as modified, affirmed without costs to either party. Judgment modified, and, as modified, affirmed without costs to either party. All concur.